NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDAL and CARMEN YORKER, as parents and natural guardian of DIAMOND YORKER, a minor, RANDY REINA, and PRESTON and BARBARA ANDERSON, as parents and natural guardian of SEAN ANDERSON, a minor, | **Hon. Dennis M. Cavanaugh** |
| | **OPINION** |
| | Civil Action No.04-5170 (DMC) |
| Plaintiffs, | |
| v. | |
| MANALAPAN POLICE DEPARTMENT, STUART BROWN, in his capacity as Chief of the Manalapan Police Department, PETER CHAFLIN, individually and in his official capacity as Police Officer of the Manalapan Police Department, and STEVE TURNER, individually and in his capacity as Police Officer of the Manalapan Police Department, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S. District Judge</u>

This matter comes before the Court on Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County pursuant to 28 U.S.C. § 1446(b) and for sanctions pursuant to 28 U.S.C. § 1447(c). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the following reasons, Plaintiffs' motion to remand to the Superior Court of New Jersey, Law Division, Middlesex County is **granted** and

Plaintiff's motion for sanctions is **granted.**

## FACTUAL & PROCEDURAL BACKGROUND

On or about August 25, 2004 Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County alleging race discrimination, unlawful search and detention and negligence. By Order dated August 27, 2004, the Monmouth County Court transferred the matter to the Superior Court of New Jersey, Law Division, Middlesex County because Randal Yorker, a named Plaintiff in the matter is employed in the Criminal Division of the Monmouth vicinage.

Approximately two weeks after the transfer of the case to Superior Court, Middlesex County, John O' Connor, counsel for Plaintiffs and Donald LoMurro, Township Attorney for the Township of Manalapan, had several communications in which Mr. LoMurro advised Mr. O'Connor that he had authority to accept service on behalf of Defendants, but would not be representing Defendants in this matter.[1] (Defs.' Br. Opp'n at 2-3.)

Plaintiffs assert that on September 3, 2004, a copy of the Summons and Complaint for each Defendant was served on Mr. LoMurro at LoMurro, Davison, Eastman & Munoz, 100 Willowbrook Road, Freehold, New Jersey via Federal Express. The Summonses and Complaints were delivered to Mr. LoMurro on September 7, 2004 and signed for by E. Colosi.

Approximately two weeks after service of the Summonses and Complaints on Mr. LoMurro, Mr. LoMurro advised Mr. O'Connor that he did not receive an Acknowledgment of Service in the

---

[1] Plaintiffs assert that the communications between Mr. O'Connor and Mr. LoMurro suggested that Mr. LoMurro was unsure of whether he would be representing Defendants. Defendants assert that Mr. LoMurro represented to Mr. O'Connor that he would not be representing Defendants in this case. This is a distinction without a difference since both parties agree that Mr. LoMurro agreed to accept service on behalf of Defendants.

package served upon him on September 7, 2004.  Mr. LoMurro subsequently received an Acknowledgment of Service on or about September 27, 2004, indicating that service had been made on September 7, 2004.  Mr. LoMurro signed the Acknowledgment of Service on September 27, 2004, wherein he crossed out the acknowledgment date of September 7, 2004, and replaced it with September 27, 2004.

On or about October 5, 2004, Mr. O' Connor sent Mr. LoMurro a letter noting the change in service date on the Acknowledgment of Service form and stating, "I am not sure what the intention of the change was but in any event the service was made on September 7, and the Defendants' time to answer expires October 12, 2004.  Should Defendants' counsel request and extension of the time to answer, we will consider such a request when made." (O'Connor Decl., Ex. G.)

On October 19, 2004, Defendants' filed a Notice of Removal from New Jersey Superior Court, Middlesex County to this Court pursuant to 28 U.S.C. § 1441(b) and in accordance with 28 U.S.C. § 1446.  Plaintiffs now move before the Court seeking to remand this action to New Jersey Superior Court, Middlesex County based upon the untimeliness of the Notice of Removal and for sanctions.

## DISCUSSION

In reviewing a motion for remand, the Court must construe the removal statutes strictly and resolve all doubts in favor of remand.  See Shamrock and Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); Batoff v. State Farm Insurance Co., 977 F.2d 848 (3d Cir. 1992) (removing party carries a "heavy burden of persuasion"); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union

Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985); North Jersey Savings & Loan Assoc. v. Fidelity and Deposit Co. of Md., 125 F.R.D. 96, 100 (D.N.J. 1988).

A defendant may remove a claim from a state court to a federal district court pursuant to §28 U.S.C. 1441 and §28 U.S.C. 1446.  28 U.S.C. § 1441(a) provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-64 (1997).

28 U.S.C.  §1446(a-b) states:

[a]     defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[b]     The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

A defendant seeking removal of an action initiated in a state court must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352-53 (1999); Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir.1992).  The thirty

(30) day period to file for removal begins when facts or circumstances arise that put a defendant on notice that a basis for removal exists. See Bandag of Springfiled, Inc. v. Bandag, Inc., 537 F. Supp. 366, 368 (W.D. Mo. 1981).

The party seeking removal bears the burden of establishing that the notice of removal was filed in a timely manner. See Mountain Ridge State Bank v. Investor Funding, 763 F. Supp. 1282, 1288 (D.N.J. 1991).[2]

"It is now accepted that federal rather than state law determines the timeliness of a petition for removal filed under § 1446(b), and quite obviously, Congress, by adding 'or otherwise,' intended that 'receipt' of necessary information about the action pending in the state court, by the named defendant, need not be confined to that had in accordance with the requirements for service set out in the practice of the particular state." Trepel v. Kohn, Milstein, Cohen & Hausfeld, 789 F. Supp. 881, 883 (D. Mich., 1992).

"A Defendant must file a notice of removal within thirty days of 'receipt' of a copy of the initial pleading. The plain language of § 1446(b) encompasses receipt by means other than service of process. If not, the words 'or otherwise' would be meaningless." Pinkett v. American Airlines, Inc., 1999 U.S. Dist. LEXIS 1962, 3-4 (D. Pa., 1999). "A growing majority of the district courts and all Circuit Courts which have considered the issue have held that 'receipt' of the initial pleading is not restricted to delivery in a manner that would constitute effective service of process." See Michetti Pipe Stringing, Inc., Murphy Bros., Inc., 125 F.3d 1396, 1398 (11th

---

[2] While not at issue in the present motion, the party seeking removal also bears the burden of showing the propriety of removal by establishing the existence of federal subject matter jurisdiction. See State of New Jersey v. City of Wildwood, 22 F. Supp.2d 395, 400 (D.N.J. 1998) (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995); Gateway 2000 Inc. v. Cyrix Corp., 942 F. Supp. 985, 989 (D.N.J. 1996).

Cir. 1997); Reece v. Wal-Mart Stores, 98 F.3d 839, 841 (5th Cir. 1996); Roe v. O'Donohue, 38 F.3d 298, 303 (7th Cir. 1994); Tech Hills II Assocs. v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993); Rosenthal v. Life Fitness Co., 977 F. Supp. 597, 598-99 (E.D.N.Y. 1997); Ibrahim v. 1417 N Street Assoc., 950 F. Supp. 406, 407 (D.D.C. 1997); Weimer v. City of Johnstown, 931 F. Supp. 985, 989 (N.D.N.Y. 1996); Mermelstein v. Maki, 830 F. Supp. 180, 182 (S.D.N.Y. 1993) (receipt by mail of initial pleading by receptionist triggers removal period although she is not officer, managing agent or person authorized to accept service); Pillin's Place, Inc. v. Bank One, Akron, N.A., 771 F. Supp. 205, 208 (N.D. Ohio 1991) (delivery of initial pleading in manner objectively calculated to give fair notice of suit to defendant triggers removal period); Maglio v. F.W. Woolworth Co., 542 F. Supp. 39, 41 (E.D. Pa. 1982) (receipt by mail of initial pleading by a responsible employee triggers removal period).  "Valid service of process upon the defendant is not a prerequisite for removal, and the validity of service of process may be challenged after removal."  Davis v. Baer, 599 F. Supp. 776, 778 (D. Pa., 1984).  "Notice of the lawsuit [may] be received by anyone authorized to accept process for the defendant", and the time for seeking removal begins to run when the 'defendant or his agent' receives the initial pleading.  See Maglio v. F.W. Woolworth Co., 542 F. Supp. 39, 41 (E.D.Pa. 1982).

  In this case, service of process was effected on Defendants on September 7, 2004, whereupon Federal Express delivered ample copies of the Summons and Complaint to accommodate each Defendant. It is undisputed that Mr. LoMurro was authorized and agreed to accept service on behalf of Defendants.  Defendants argue the time in which to remove the action from Superior Court did not begin to run until September 27, 2004, the date on which Mr. LoMurro received and signed the formal Acknowledgment of Service.  Defendants argue  Mr.

LoMurro was "powerless" to proceed in the matter any further until he "officially" acknowledged service through signing the Acknowledgment of Service form. Defendants argue they did not "officially" receive a copy of the initial pleading until Mr. LoMurro executed the Acknowledgment of Service. Defendants assert that when Mr. LoMurro advised Mr. O'Connor that he had not received an Acknowledgment of Service with the Complaints, Plaintiffs were on notice that Defendants had not "officially" accepted service. (Defs.' Br. Opp'n at 5.)

It is well settled that the Court must construe the removal statutes strictly and resolve all doubts in favor of remand. See Shamrock and Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). The party seeking removal bears the burden of establishing that the notice of removal was filed in a timely manner. See Mountain Ridge State Bank v. Investor Funding, 763 F. Supp. 1282, 1288 (D.N.J. 1991).

In this case, Defendants have not met their burden of establishing that the Notice of Removal was timely filed. Defendants rely exclusively on the argument that they were unable to officially accept service on behalf of Defendants until September 27, 2004, when they received an Acknowledgment of Service despite admitting and agreeing that Mr. LoMurro was authorized to accept service on behalf of Defendants. Defendants further argue the thirty day time period in which to file a Notice of Removal did not begin to run until September 27, 2004, the date on which Mr. LoMurro officially acknowledged service.

Defendants offer no authority supporting their argument that the thirty days began to run once Mr. LoMurro officially acknowledged service by signing the Acknowledgment of Service. Further, Defendants do not dispute that Mr. LoMurro communicated to Plaintiffs that he was

authorized to accept service on behalf of Defendants.  Therefore, the thirty (30) day time period in which to file a Notice of Removal began to run from September 7, 2004, not September 27, 2004.  See Michetti Pipe Stringing, Inc., 125 F.3d at 1398.  As such, Defendants' Notice of Removal filed with this Court on October 19, 2004, is beyond the thirty (30) day time period.

Accordingly, Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County is **granted.**

Plaintiffs seek costs and attorney fees in connection with the Motion to Remand pursuant to 28 U.S.C. § 1447(c) which provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)... An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.

"[T]he district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." See Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993); Moore v. Permanente, 981 F.2d at 447; Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d at 923-24.  "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3d Cir., 1996).

Defendants argue Plaintiffs should not be awarded fees and costs because Plaintiffs failed to provide a copy of the Acknowledgment of Service until roughly twenty (20) days after service

8

of the Complaint had passed. (Defs.' Br. Opp'n at 7.)  Defendants further argue that once Mr. LoMurro communicated to Mr. O'Connor that he did not receive the Acknowledgment of Service, Plaintiffs had notice that Mr. LoMurro had not "officially" accepted service. Ibid.

Again, there is no dispute that Mr LoMurro was authorized to accept service on behalf of Defendants.  Further, it is uncontested that Mr. LoMurro did in fact accept service on behalf of Defendants on September 7, 2004.  Defendants' mistaken belief that the thirty (30) day time period does not start to run until there is a signed Acknowledgment of Service should not result in Plaintiffs having to defend a procedurally defective Notice of Removal.[3]

Accordingly, Plaintiffs' motion for sanctions is **granted.**  Plaintiffs are entitled to recover the costs and attorneys' fees associated with the motion to remand against Defendants Township of Manalapan, Manalapan Police Department, Stuart Brown, Peter Chaflin, in his official capacity and Steve Turner in his official capacity as represented by Marshall, Dennehey, Warner, Coleman & Goggin.[4]  Plaintiffs are permitted to submit supporting documentation of proof of fees and costs.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County and for sanctions is **granted**.  An appropriate

---

[3] Defendants repeatedly rely on their argument that service was not "officially" accepted until the Acknowledgment of Service was signed, but offers no support which distinguishes "official" acceptance of service from their admitted acceptance of service.

[4] Defendant Peter Chalfin, individually is represented by Edward Bertucio, Jr., Esq., of the firm Hobbie, Corrigan, Bertucio & Tashjy.  Mr. Betucio's representation of Defendant Chalfin began on or about October 26, 2004, roughly one week after the Notice of Removal was filed in this Court.  Consequently, fees and costs will not be awarded as against the firm Hobbie, Corrigan, Bertucio & Tashjy.

Order accompanies this Opinion.

                                           S/ Dennis M. Cavanaugh
                                         DENNIS M. CAVANAUGH, U.S.D.J.

Dated: June 17, 2005